UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DDR HOMESTEAD LLC, a Delaware limited liability company,

Plaintiff, CASE NO. 15-cv-21739-JEM

v.

CHALAK-MIAMI 2,LLC d/b/a GENGHIS GRILL, a Delaware limited liability company, AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMEN,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO DISMISS COUNTS II, III, IX, X, XI, XII & XIII OF PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES WITH SUPPORTING MEMORANDUM OF LAW**

Defendants, CHALAK-MIAMI 2,LLC d/b/a GENGHIS GRILL ("CHALAK-MIAMI"), AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMEN, by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby submit their Motion to Dismiss Counts II, III, IX, X, XI, XII & XIII of Plaintiff's Complaint and Motion to Strike Prayer for Punitive Damages with Supporting Memorandum of Law, and as grounds, state as follows:

## I. INTRODUCTION

This case stems from a shopping center lease for commercial premises located in Miami-Dade County. The Defendant company, CHALAK-MIAMI, is the named tenant on the lease and the individual defendants are the guarantors under the lease. For purposes of this motion, the Defendants concede that the lease attached to the complaint as Exhibit 1, and the guarantees attached to the complaint as Exhibit 2, are true and correct copies

of each document. The complaint alleges CHALAK MIAMI breached the lease by nonpayment of rent and vacating the premises. The complaint also alleges that the Defendants negligently misrepresented information contained in financial statements provided to the Plaintiff, for the purpose of inducing the Plaintiff to sign the lease which is the subject of this action. In connection with the five misrepresentation counts (one for each guarantor), the Plaintiff is seeking punitive damages.

## II. LEGAL STANDARD

It is well established that to survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to “state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the court should not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Twombly,* 127 S. Ct. at 1965 (2007). The "complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) *(quoting Twombly,* 127 S. Ct. at 1964-65). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Twombly* 127 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Although this pleading standard “does not require ‘detailed factual allegations, it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

Furthermore, pleadings must contain "more than labels and conclusions", because a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). To meet this plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.,* at 555.

## III. COUNT II FOR ACTION ON ACCOUNT MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

Under Florida law, an open account has been defined as "unsettled debt arising from items of work and labor, goods sold and delivered *with the expectation of further transactions subject to further settlement." Cent. Ins. Underwriters, Inc. v. Nat'l Ins. Fin. Co.,* 599 So.2d 1371, 1373 (Fla. 3d DCA 1992) (emphasis in original) (internal citations omitted). In *H & H Design Builders v. Travelers' Indem. Co.,* 639 So.2d 697 (Fla. 5th DCA 1994), the court further explained:

It is not as easy as it should be to identify what does—or does not—constitute a cause of action for "open account." In commercial transactions, an "open account" should refer to an unsettled debt, arising from items of work, labor, goods sold and other open transactions not reduced to writing, the sole record of which is usually the account books

of the owner of the demand. *It should not include express contracts or other obligations that have been reduced to writing....Id.* at 700. (internal citations omitted)(Emphasis added).

An express contract is an agreement that is arrived at by words, oral or written. *Waite Dev., Inc. v. City of Milton,* 866 So.2d 153, 155 (Fla. 1st DCA 2004). It has been commonly held that a party should not allege an express contract in an open account claim. *Immediate Capital Group, Inc. v. Spongetech Delivery Sys., Inc.,* No. 10–60059–CIV, 2010 WL 1644952 at 1 (S.D.Fla. Apr.22, 2010); *Morse, LLC v. United Wis. Life Ins. Co.,* 356 F.Supp.2d 1296, 1299–1300 (S.D.Fla.2005) (quoting *H & H,* 639 So.2d at 700).

In *Spongetech,* the defendant brought a motion to dismiss plaintiff's claim for open account because plaintiff pleded the existence of an express contract and incorporated that allegation into its claim. *Id.* At 2010 WL 1644952 at 1. Plaintiff responded by arguing that the Federal Rules of Civil Procedure allow for claims to be brought in the alternative. *Id.* The court concluded that "[a]lthough a plaintiff may bring causes of action in the alternative, a claim for open account fails if it alleges the existence of an express contract." *Id.* Similarly, in *Morse,* the court dismissed plaintiff's claim for open account because plaintiff incorporated the allegations of the existence of an express contract between the parties. *Morse,* 356 F.Supp.2d at 1300.

Similarly in *Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, No. 8:10-CV-1200-T-33TGW, 2010 WL 4117627, at 5-6 (M.D. Fla. Oct. 19, 2010), the defendant brought a motion to dismiss plaintiff's claim for open account because plaintiff pleaded the existence of an express contract and incorporated that allegation into its claim. The court held that

"[g]iven the general acceptance of the theory that an allegation of an express contract invalidates a claim for open account, count II for open account is dismissed without prejudice." *Id.* at 5-6.

Similarly, here, the Plaintiff has alleged the existence of a lease, which is an express contract, and in the alternative has pled an action on account. The latter cause of action is barred by Florida law. Plaintiff's claim for an action on account must therefore be dismissed.

## IV. COUNT III FOR UNJUST ENRICHMENT MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

A party may only recover under an unjust enrichment theory when there is no valid express or implied-in-fact contract. *See Zarrella v. Pac. Life Ins. Co.,* 755 F.Supp.2d 1218, 1226–27 (S.D.Fla.2010) (citing *Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp.2d 1317, 1326–27 (S.D.Fla.2000)). Unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid. *See Zarrella,* 755 F.Supp.2d at 1227–28 (quoting *In re Managed Care Litig.,* 185 F.Supp.2d 1310, 1337–38 (S.D.Fla.2002)). *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011)

In *Cent. Magnetic Imaging Open MRI of Plantation, Ltd*., the court remarked that "[n]o party here contests the existence of a valid contract. In fact, in the unjust-enrichment claim, Plaintiff does not challenge the validity of the [contracts]." "As there is a valid express contract that no party challenges, Plaintiff may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18." *Cent. Magnetic Imaging Open MRI of Plantation, Ltd.* at 1317.

Here, none of the parties challenge the existence of a valid contract. In fact, Plaintiff has alleged this, and the Defendants very much concede that the lease is valid according to its terms, subject to any applicable requirements of Florida law. The crux of Plaintiff's complaint is that the lease and guaranties were breached by the Defendant. It could not be any clearer that an express contract governs this cause of action. As such, Count III for unjust enrichment must be dismissed.

## V. COUNTS IX, X, XI, XII & XIII FOR NEGLIGENT MISREPRSENTATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires fraud claims to specify the "who, what, when, where, and how" of the alleged fraud. *See Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006). To satisfy this pleading standard, a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997); *see also Garfield,* 466 F.3d at 1262; *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010). The purpose of this heightened pleading requirement is to give the defendant fair notice of a plaintiff's claims, protect the defendant from harm to its reputation, and prevent a plaintiff from filing baseless claims and then

attempting to discover unknown wrongs. *See Zarrella* at 1223*.*

This heightened pleading requirement applies to all claims sounding in fraud, including Plaintiff's claims for negligent misrepresentation because negligent misrepresentation "sounds in fraud". *See, e.g., Linville v. Ginn Real Estate Co., LLC,* 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010)(quoting Johnson v. Amerus Life Ins. Co., No. 05-61363, 2006 WL 3826774 at 4 (S.D.Fla. 2006) *Holguin v. Celebrity Cruises, Inc.,* 2010 WL 1837808, at 1-2 (S.D. Fla. May 4, 2010).

Thus, the Plaintiff's claims for negligent misrepresentation against each of the individual Defendants is subject to Rule 9(b)'s particularity requirements because they are all predicated on the same alleged misrepresentations. However, the allegations as pleaded in the complaint fail to satisfy Rule 9(b)'s specificity requirements for several reasons.

First, the Complaint does not distinguish among each of the alleged misrepresentations. All of the counts that allege negligent misrepresentation are identical, and generally allege only that each of the Defendants' financial statements produced to the Plaintiff "do not state that any assets are held in trust or are otherwise protected from any judgment…". (Compl. ¶s 18, 20, 22, 24, and 26). Furthermore, the Plaintiff alleges that "Upon information and belief, prior to executing the Guarantees, the guarantors used estate planning mechanisms to shield the assets listed on their financial statements from any type of judgment. (Compl. ¶ 27).

However, it is well-settled that such generalized allegations lumping multiple defendants together fail to satisfy the heightened pleading requirements of Rule 9(b).

*See Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1317 (11th Cir. 2007) (simply lumping one defendant's alleged misconduct with the alleged misconduct of other defendants, without segregating any alleged wrongdoing, does not meet the requirements of Rule 9(b)); *Brooks,* 116 F.3d at 1381 (complaint that is "devoid of specific allegations with respect to the separate Defendants" fails to "plead fraud with the requisite specificity as to each of the Defendants under Rule 9(b)").

Second, the Complaint does not identify "where" any of the alleged misrepresentations were made. The Complaint is completely devoid of even basic facts that would address the place in which the alleged representations were made, or where Plaintiff acted in reliance upon the alleged representations. *See Holguin,* 2010 WL 1837808, at 2 (complaint failed to satisfy Rule 9(b) because it did not identify where any alleged misrepresentation was made). If the Plaintiff is trying to allege more than just written misrepresentations, which do not appear anywhere on the complaint or exhibits, Plaintiff must allege where any alleged oral and written misrepresentations took place.

Third, the Complaint does not sufficiently identify "when" any of the alleged statements or omissions were made. While the Complaint generally alleges that the Defendants' misrepresented the information in their financial statements before they signed the guarantees (Compl. ¶ 27), it fails to specify the precise date or dates on which any of the alleged specific misrepresentations or omissions were made. *See Linville, 691* F. Supp. 2d at 1308 (fraud claims failed to satisfy Rule 9(b) where allegations did not specify "when" oral representations were made).

Fourth, with respect to the representations which may have been made in writing,

the Complaint fails to specifically identify where in the financial documents the alleged misrepresentations appear. *Brooks,* 116 F.3d at 1371 (Rule 9(b) requires allegations regarding precisely what statements were made in what documents or oral representations); *Sewell v. D 'Alessandro & Woodyard, Inc.,* 2008 WL 4459260, at 6 (M.D. Fla. Sept. 29, 2008) (dismissing fraud claims under Rule 9(b) where complaint failed to "distinguish between misrepresentations made in writing or orally").

Finally, and perhaps most fatal to the Plaintiff's theory, the Complaint fails to specify "why" the statements constitute misrepresentations at the time they were allegedly made. In this case, the Complaint alleges that "Upon information and belief, the guarantors intentionally misrepresented the nature of and true ownership of the assets stated on the financial statements…(Compl. ¶ 28). However, Plaintiff fails to explain how these representations could be considered false when they were made. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010) ("The Court cannot allow Plaintiffs to file such a general claim and then attempt to discover unknown wrongs later in the litigation process).

How can it be fraud, as the Plaintiff alleges, for a financial statement not to state, or point out to the reader, that "some assets are held in trust" or otherwise protected from judgment? The Plaintiff is not claiming that the financial statements are false, or contain anything untrue or inaccurate. By inference from the allegations, they simply wish that the financial statements had more information, or had specifically told them what assets were or were not protected from a judgment. There is no fraud in providing a true financial statement, even if it does not mean what the Plaintiff now wishes it meant.

Also missing from the Plaintiff's allegations are facts which would support how the information in the financial statements constitute misrepresentations. There is no mention of the fact that the Defendants tried to execute a judgment or garnish a bank account from any of the Defendants which turned out to be protected or unreachable. The most important threshold question is how has the Plaintiff been harmed? Doesn't the Plaintiff first have to obtain a judgment on its guarantees and come up empty handed in collection efforts before it can conclude that it was somehow misled by financial statements? Especially ones that are not alleged to be false!

There is no mention that the Defendants do not have access to money that is supposedly in a protected trust. There is no mention that the Defendants owed Plaintiff a duty to update the financial information after the lease was signed. There is no alleged date in which the Defendants' financial condition changed to the detriment of the Plaintiff. All there is are general allegations guessing about being misled, with absolutely no facts to support them. Plaintiff is simply pleading conclusions with no dates or reference to any documents or oral misrepresentations which would tend to support its allegations. The facts accepted as true do not state a cause of action for negligent misrepresentation.

Furthermore, with respect to the element of reliance, "every person must use reasonable diligence for his own protection. Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the

other's misrepresentations." *Potakar v. Hurtak,* 82 So.2d 502, 504 (Fla.1955). *Jaffe v. Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1320 (S.D. Fla. 2009) *aff'd,* 395 F. App'x 583 (11th Cir. 2010).

Even if the defendants did make certain representations to the Plaintiff, the Plaintiffs' claim for negligent misrepresentation still would fail because the Plaintiff's reliance on such statements or omissions would not have been reasonable or justified. In *Gilchrist Timber Co. v. ITT Rayonier, Inc.,* 696 So.2d 334 (Fla.1997), the Florida Supreme Court established the rule that an action for negligent misrepresentation cannot be maintained if an investigation by the recipient of the information would have revealed the falsity of the information. *Id.* at 377. The court distinguished claims for intentional or fraudulent misrepresentation, in which a recipient of information could rely on a representation without making an investigation, from a claim for negligent misrepresentation, where he cannot. *Id.* According to the court, a misrepresentor will be liable for negligent misrepresentation "only if the recipient of the information justifiably relied on the erroneous information." *Id.* Justifiable reliance will exist if "a reasonable person in the position of the recipient would be expected to investigate" the information. *Id.* at 339.

In this case, the plaintiffs have brought a claim for negligent misrepresentation, not intentional or fraudulent misrepresentation. As a result, under *Gilchrist Timber,* the Plaintiff cannot recover if they could have discovered the falsity of the information or if they did not justifiably rely upon the defendants' statements. Analyzing this case under this standard, it is undisputed that the Plaintiff's misrepresentation claim fails because the alleged falsity of the statements in this case were easily discoverable. *See Allocco v. City of Coral*

*Gables*, 221 F. Supp. 2d 1317, 1357 (S.D. Fla. 2002) *aff'd,* 88 F. App'x 380 (11th Cir. 2003). The Plaintiff, a sophisticated landlord, could easily have asked for proof of assets or back up documentation. It could have asked for updated financials periodically (assuming it had a contractual right to do so), and it even could have asked the guarantors if the assets shown on their respective financial statements were jointly held or otherwise asset protected. There are no allegations regarding any of these steps the Plaintiff could have taken but did not. The claim for negligent misrepresentation must fail.

## VI. THE PRAYER FOR PUNITIVE DAMAGES MUST BE STRICKEN

A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2). Under Florida law, "a plaintiff must plead specific acts committed by a defendant" to allege entitlement to punitive damages. *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1341 (11 th Cir.2001). "Merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages." *Id.* Thus, in connection with their nonintentional tort claims (mixed in with intentional tort claims, since each of counts IX through XIII pleads these claims together), the Plaintiff must allege facts that would show that Defendants' conduct amounted to intentional misconduct or gross negligence. *See* Fla. Stat. § 768.72(2)(a)(b).

The Plaintiff has not set forth sufficient factual matters, in connection with their negligence claims, which if accepted as true, as the Court must, to state a claim for punitive damages that is "plausible on its face." *See Ashcroft,* 556 U.S. at 678. In other words, the allegations as presently pleaded, if proven, do not show that Defendants' alleged

misconduct was so reckless that it constituted a "conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *See* Fla. Stat. § 768.72(2)(a)-(b).

In *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999), the court held that the prohibition against pleading punitive damages in the initial complaint pursuant to Fla. Stat. § 768.72(2)(a)(b) conflicts with Federal Rule Civil Procedure 8(a)(3), which requires that a claim for relief include a demand for the remedy sought. As a result, unlike state court pleading requirements, a plaintiff in a federal diversity case is permitted to request punitive damages in the initial complaint. But the *Cohen* court held that the remaining part of the "pleading" component—the requirement that a plaintiff demonstrate a reasonable basis for punitive damages—did not conflict with any federal procedural rule. *In re Johnson*, 453 B.R. 433, 436-37 (Bankr. M.D. Fla. 2011).

As such, the court in *In re Johnson* at 439 (Bankr. M.D. Fla. 2011) concluded that the trustee in that case was required to demonstrate a reasonable basis for punitive damages based on evidence in the record or evidence proffered by the trustee, but failed to do so. Furthermore, the court concluded that "the Trustee did include in his Complaint a single conclusory allegation that he was entitled to punitive damages based on the Defendant's "willful, intentional, knowing, malicious, repetitive and continuous conduct." *Id*. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. 453 B.R. at 439. Because the trustee failed to make the required showing, his request for punitive damages was stricken. *Id*. The Plaintiff has

not shown or adequately pleaded a reasonable basis to support an award for punitive damages.

## VII. CONCLUSION

The Plaintiff has failed to state a cause of action in Counts II, III, IX, X, XI, XII & XIII. Thus, these counts of the Plaintiff's complaint must be dismissed. In the event the Court allows Counts IX through XIII to stand, the claims for punitive damages should be stricken.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, to wit: DAVID AXELMAN, ESQ., MCDONALD HOPKINS LLC, Attorneys for Plaintiff, 200 South Biscayne Boulevard, Suite 2600, Miami, FL 33131, this 3rd day of June, 2015.

**ROTH & SCHOLL**
*Attorneys for Defendants*
866 South Dixie Highway
Coral Gables, Florida 33146
Telephone: 305-662-4141
Fax: 305-662-3816
Primary Email: jeff@rothandscholl.com
Secondary Email: christine@rothandscholl.com
Secondary Email: gail@rothandscholl.com

BY: *_____/s/ Jeffrey C. Roth_____*
JEFFREY C. ROTH
Fla. Bar No. 331652