UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DDR HOMESTEAD LLC, a Delaware limited liability company,

Plaintiff, CASE NO. 15-cv-21739-JEM

v.

CHALAK-MIAMI 2,LLC d/b/a GENGHIS GRILL, a Delaware limited liability company, AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMEN,

Defendants.
_________________________________/

**DEFENDANTS' MOTION TO DISMISS COUNTS VII, VIII, IX, X, XI, XII, XIII, XIV & XV and XVI OF PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES WITH SUPPORTING MEMORANDUM OF LAW**

Defendants, CHALAK-MIAMI 2, LLC d/b/a GENGHIS GRILL ("CHALAK-MIAMI"), AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMEN, by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby submit their Motion to Dismiss Counts VII, VIII, IX, X, XI, XII, XIII, XIV**,** XV and XVI of Plaintiff's Amended Complaint and Motion to Strike Prayer for Punitive Damages with Supporting Memorandum of Law, and as grounds, state as follows:

## I. INTRODUCTION

This case stems from a shopping center lease for commercial premises located in Miami-Dade County. The Defendant company, CHALAK-MIAMI, is the named tenant on the lease and the individual defendants are the guarantors under the lease. For purposes of this motion, the Defendants concede that the lease attached to the Amended Complaint as Exhibit 1, and the guarantees attached to the Amended Complaint as Exhibit 2, are true

and correct copies of each document. Just as in the original Complaint, the Amended Complaint alleges CHALAK MIAMI breached the lease by nonpayment of rent and vacating the premises. The Amended Complaint also alleges that the Defendants negligently and intentionally misrepresented information contained in financial statements provided to the Plaintiff, for the purpose of inducing the Plaintiff to sign the lease which is the subject of this action. In connection with the misrepresentation counts (one for each guarantor), the Plaintiff is seeking punitive damages.

## II. LEGAL STANDARD

It is well established that to survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to “state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the court should not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Twombly,* 127 S. Ct. at 1965 (2007). The "complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) *(quoting Twombly,* 127 S. Ct. at 1964-65). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Twombly* 127 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Although this pleading standard “does not require ‘detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

Furthermore, pleadings must contain “more than labels and conclusions”, because a “formulaic recitation of the elements of a cause of action will not do.” *Twombly,* 550 U.S. at 555. Indeed, “only a complaint that states a plausible claim for relief survives a motion to dismiss.” *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). To meet this plausibility standard, a plaintiff must plead “factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.,* at 555.

## III. COUNTS FOR NEGLIGENT AND INTENTIONAL MISREPRSENTATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires fraud claims to specify the "who, what, when, where, and how" of the alleged fraud. *See Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006). To satisfy this pleading standard, a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997); *see also Garfield,* 466 F.3d at 1262; *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010). The purpose of this heightened pleading requirement is

to give the defendant fair notice of a plaintiff's claims, protect the defendant from harm to its reputation, and prevent a plaintiff from filing baseless claims and then attempting to discover unknown wrongs. *See Zarrella* at 1223*.*

This heightened pleading requirement applies to all claims sounding in fraud, including Plaintiff's claims for negligent misrepresentation because negligent misrepresentation "sounds in fraud". *See, e.g., Linville v. Ginn Real Estate Co., LLC,* 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010)(quoting Johnson v. Amerus Life Ins. Co., No. 05-61363, 2006 WL 3826774 at 4 (S.D.Fla. 2006) *Holguin v. Celebrity Cruises, Inc.,* 2010 WL 1837808, at 1-2 (S.D. Fla. May 4, 2010).

Thus, the Plaintiff's claims for negligent and intentional misrepresentation against each of the individual Defendants is subject to Rule 9(b)'s particularity requirements because they are all predicated on the same alleged misrepresentations. However, the allegations as pleaded in the Amended Complaint fail to satisfy Rule 9(b)'s specificity requirements for several reasons.

Florida law requires four elements to establish a claim of fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Trinidad & Tobago Unit Trust Corp. v. CB Richard Ellis, Inc.*, 280 F.R.D. 676, 680 (S.D. Fla. 2012).

Similarly, to state a cause of action for negligent misrepresentation, a plaintiff must show: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement

because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation. *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. Dist. Ct. App. 2011).

First, the Amended Complaint suffers from the same deficiency as the original complaint, both of which lump together and repeat every single allegation as to all of the Defendants with no distinction. All of the counts that allege misrepresentation are identical, and generally allege only that the respective guarantor "negligently made inaccurate and false representations—and/or fraudulently omitted material information and/or failed to update prior representations—in his Financial Statement by failing to disclose that the listed assets were held in trust and/or are protected from any judgment through an estate or asset protection plan, thereby rendering the listed amounts materially misleading and rendering futile any attempt to execute on a judgment against Guarantor" (Amended Compl. ¶s 88, 103, 118, 133 and 147). Essentially, all of the guarantor defendants are alleged to be guilty of committing the same tort with no distinction whatsoever. Furthermore, the distinction between the negligence counts and the fraudulent inducement counts is summarized in the following repetitive allegation: "In the event that the state of Guarantor['s] assets had changed between the time that he submitted his Financial Statement in connection with the Greenville Lease and the time that he knew of DDR's reliance on his Financial Statement in connection with the subject Lease, Guarantor had a duty to notify DDR. His failure to do so demonstrates his malicious and deceitful intent."

However, it is well-settled that such generalized allegations lumping multiple defendants together fail to satisfy the heightened pleading requirements of Rule 9(b). *See*

*Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1317 (11th Cir. 2007) (simply lumping one defendant's alleged misconduct with the alleged misconduct of other defendants, without segregating any alleged wrongdoing, does not meet the requirements of Rule 9(b)); *Brooks,* 116 F.3d at 1381 (complaint that is "devoid of specific allegations with respect to the separate Defendants" fails to "plead fraud with the requisite specificity as to each of the Defendants under Rule 9(b)").

Second, the Amended Complaint does not identify "where" any of the alleged misrepresentations were made. The pleading is completely devoid of even basic facts that would address the place in which the alleged representations were made, or where Plaintiff acted in reliance upon the alleged representations. *See Holguin,* 2010 WL 1837808, at 2 (complaint failed to satisfy Rule 9(b) because it did not identify where any alleged misrepresentation was made). If the Plaintiff is trying to allege more than just written misrepresentations, which do not appear anywhere in the complaint or exhibits, Plaintiff must allege where any alleged oral misrepresentations took place.

Third, the Complaint does not sufficiently identify "when" any of the alleged statements or omissions were made. The timing of these alleged misrepresentations determines if there is a cause of action. There isn't a single allegation that the misrepresentations were made prior to signing the guarantees. In fact, the Amended Complaint fails to specify the precise date or dates on which any of the alleged specific misrepresentations or omissions were made. *See Linville, 691* F. Supp. 2d at 1308 (fraud claims failed to satisfy Rule 9(b) where allegations did not specify "when" oral representations were made). The only potential time line provided by the Plaintiff is that "[i]n early February 2015, DDR learned that each of the Guarantors had used estate and

asset planning mechanisms to shield the assets listed on their respective Financial Statements from any type of judgment, thereby rendering futile any attempt by DDR to execute on a potential judgment". Plaintiff goes on to loosely allege in a conclusory fashion that "[u]pon information and belief, each Guarantor did so prior to executing the Guarantees." The Plaintiff cannot ascertain the time in which these alleged misrepresentations were made because it simply does not know. The allegation itself contradicts the entire claim since it could very well mean that the financial statements were changed, if at all, *after* the Lease and guaranties were signed, and if that is the case, then the entire claim has no basis in law or fact.

Fourth, with respect to the representations which may have been made in writing, the Amended Complaint fails to specifically identify where in the financial documents the alleged misrepresentations appear. *Brooks,* 116 F.3d at 1371 (Rule 9(b) requires allegations regarding precisely what statements were made in what documents or oral representations); *Sewell v. D 'Alessandro & Woodyard, Inc.,* 2008 WL 4459260, at 6 (M.D. Fla. Sept. 29, 2008) (dismissing fraud claims under Rule 9(b) where complaint failed to "distinguish between misrepresentations made in writing or orally"). Where exactly are the misrepresentation on the financial statements? Plaintiff does not allege any facts to support any writings which were fraudulent.

Finally, and perhaps most fatal to the Plaintiff's theory, the Amended Complaint fails to specify "why" the statements constitute misrepresentations at the time they were allegedly made. In this case, the Amended Complaint alleges that the Defendants "negligently made inaccurate and false representations—and/or fraudulently omitted material information and/or failed to update prior representations—in his Financial

Statement by failing to disclose that the listed assets were held in trust and/or are protected from any judgment through an estate or asset protection plan, thereby rendering the listed amounts materially misleading and rendering futile any attempt to execute on a judgment against Guarantor." However, Plaintiff fails to explain how these representations could be considered false when they were made. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010) (the court cannot allow plaintiffs to file such a general claim and then attempt to discover unknown wrongs later in the litigation process). The Amended Complaint states that each of the financial statements presented by the respective defendants contained a statement of net worth. How is this information false? Although Plaintiff alleges that it conducted "a reasonable investigation to verify the assets", it does not allege the results of that investigation or how it was deceived.

How can it be fraud, as the Plaintiff alleges, for a financial statement not to state, or point out to the reader, that "some assets are held in trust" or otherwise protected from judgment? The Plaintiff is not claiming that the financial statements are false, or contain anything untrue or inaccurate. By inference from the allegations, they simply wish that the financial statements had more information, or had specifically told them what assets were or were not protected from a judgment. There is no fraud in providing a true financial statement, even if it does not mean what the Plaintiff now wishes it meant.

Also missing from the Plaintiff's allegations are facts which would support how the information in the financial statements constitute misrepresentations. There is no allegation that the Defendants tried to execute on a judgment or garnish a bank account from any of the Defendants which turned out to be protected or unreachable. The most important threshold question is how has the Plaintiff been harmed? Doesn't the Plaintiff first have to

obtain a judgment on its guarantees and come up empty handed in collection efforts before it can conclude that it was somehow misled by financial statements? Especially ones that are not alleged to be false!

There is no mention that the Defendants do not have access to money that is supposedly in a protected trust. There is no mention that the Defendants owed Plaintiff a duty to update the financial information after the lease was signed (nor is there any legal requirement to do so). There is no alleged date in which the Defendants' financial condition changed to the detriment of the Plaintiff. All there is are general allegations guessing about being misled, with absolutely no facts to support them. Plaintiff is simply pleading conclusions with no dates or reference to any documents or oral misrepresentations which would tend to support its allegations. The facts accepted as true do not state a cause of action for negligent misrepresentation, much less one for intentional misrepresentation.

Furthermore, with respect to the element of reliance in connection with the negligence count, "every person must use reasonable diligence for his own protection. Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations." *Potakar v. Hurtak,* 82 So.2d 502, 504 (Fla.1955). *Jaffe v. Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1320 (S.D. Fla. 2009) *aff'd,* 395 F. App'x 583 (11th Cir. 2010).

Even if the defendants did make certain representations to the Plaintiff, the Plaintiffs' claim for negligent misrepresentation still would fail because the Plaintiff's reliance on such

statements or omissions would not have been reasonable or justified. In *Gilchrist Timber Co. v. ITT Rayonier, Inc.,* 696 So.2d 334 (Fla.1997), the Florida Supreme Court established the rule that an action for negligent misrepresentation cannot be maintained if an investigation by the recipient of the information would have revealed the falsity of the information. *Id.* at 377. The court distinguished claims for intentional or fraudulent misrepresentation, in which a recipient of information could rely on a representation without making an investigation, from a claim for negligent misrepresentation, where he cannot. *Id.* According to the court, a misrepresentor will be liable for negligent misrepresentation "only if the recipient of the information justifiably relied on the erroneous information." *Id.* Justifiable reliance will exist if "a reasonable person in the position of the recipient would be expected to investigate" the information. *Id.* at 339. As a result, under *Gilchrist Timber,* the Plaintiff cannot recover if they could have discovered the falsity of the information or if they did not justifiably rely upon the defendants' statements. Analyzing this case under this standard, it is undisputed that the Plaintiff's misrepresentation claims fail because the alleged falsity of the statements in this case were easily discoverable. *See Allocco v. City of Coral Gables*, 221 F. Supp. 2d 1317, 1357 (S.D. Fla. 2002) *aff'd,* 88 F. App'x 380 (11th Cir. 2003). The Plaintiff, a sophisticated landlord, could easily have asked for proof of assets or back up documentation as to how assests were titled. Even though it loosely alleges that it did, it does not provide any information on those purported investigations. It could have asked for updated financials periodically (assuming it had a contractual right to do so), and it even could have asked the guarantors if the assets shown on their respective financial statements were jointly held or otherwise asset protected. There are no allegations regarding any of these steps the Plaintiff could have taken but did not. The

claim for negligent and intentional misrepresentation must fail.

## V. THE PRAYER FOR PUNITIVE DAMAGES MUST BE STRICKEN

A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2). These phrases, "intentional misconduct" and "gross negligence," are statutorily defined terms of art, that have legal elements and factors. See Fla. Stat. §768.72(2)(a)(b). Under Florida law, "a plaintiff must plead specific acts committed by a defendant" to allege entitlement to punitive damages. *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1341 (11 th Cir.2001). "Merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages." *Id.* Thus, in connection with their tort claims, the Plaintiff must allege facts that would show that Defendants' conduct amounted to intentional misconduct or gross negligence. *See* Fla. Stat. § 768.72(2)(a), (b).

The Plaintiff has not set forth sufficient factual matters, in connection with their claims, which if accepted as true as the Court must, to state a claim for punitive damages that is "plausible on its face." *See Ashcroft,* 556 U.S. at 678. In other words, the allegations as presently pleaded, if proven, do not show that Defendants' alleged misconduct was so reckless that it constituted a "conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *See* Fla. Stat. § 768.72(2)(a)-(b).

In *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999), the court held that the prohibition against pleading punitive damages in the initial complaint pursuant to Fla. Stat. § 768.72(2)(a)(b) conflicts with Federal Rule Civil Procedure 8(a)(3), which requires that a

claim for relief include a demand for the remedy sought. As a result, unlike state court pleading requirements, a plaintiff in a federal diversity case is permitted to request punitive damages in the initial complaint. But the *Cohen* court held that the remaining part of the "pleading" component—the requirement that a plaintiff demonstrate a reasonable basis for punitive damages—did not conflict with any federal procedural rule. *In re Johnson*, 453 B.R. 433, 436-37 (Bankr. M.D. Fla. 2011).

As such, the court in *In re Johnson* at 439 (Bankr. M.D. Fla. 2011) concluded that the trustee in that case was required to demonstrate a reasonable basis for punitive damages based on evidence in the record or evidence proffered by the trustee, but failed to do so. Furthermore, the court concluded that "the Trustee did include in his Complaint a single conclusory allegation that he was entitled to punitive damages based on the Defendant's "willful, intentional, knowing, malicious, repetitive and continuous conduct." *Id*. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. 453 B.R. at 439. Because the trustee failed to make the required showing, his request for punitive damages was stricken. *Id*. Similiarly, the Plaintiff here has not shown or adequately pleaded a reasonable basis to support an award for punitive damages.

## VI. CONCLUSION

The Plaintiff has failed to state a cause of action in Counts VII, VIII, IX, X, XI, XII, XIII, XIV**,** XV and XVI. Thus, these counts of the Plaintiff's Amended Complaint must be dismissed. In the event the Court allows the claims to stand, the claims for punitive damages should be stricken.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, to wit: DAVID AXELMAN, ESQ., MCDONALD HOPKINS LLC, Attorneys for Plaintiff, 200 South Biscayne Boulevard, Suite 2600, Miami, FL 33131, this 17th day of July, 2015.

**ROTH & SCHOLL**
*Attorneys for Defendants*
866 South Dixie Highway
Coral Gables, Florida 33146
Telephone: 305-662-4141
Fax: 305-662-3816
Primary Email: jeff@rothandscholl.com
Secondary Email: christine@rothandscholl.com
Secondary Email: gail@rothandscholl.com

BY: * /s/ Jeffrey C. Roth*
JEFFREY C. ROTH
Fla. Bar No. 331652