**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| DDR Homestead LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CHALAK-MIAMI 2, LLC d/b/a GENGHIS GRILL, a Delaware limited liability company, *et al.*,<br><br>Defendants. | ) | Case No. 1:15-CV-21739<br><br>JUDGE MARTINEZ/MCALILEY<br><br>**PLAINTIFF'S MOTION TO SEAL SETTLEMENT AFFIDAVIT** |

Plaintiff DDR Homestead LLC ("DDR"), pursuant to Local Rule 5.4, hereby files this Motion to Seal Settlement Affidavit and states as follows:

## INTRODUCTION

This action arose from Defendants' breaches of a lease agreement and related personal guarantees in connection with their rental of commercial retail space owned by DDR in Homestead, Florida. On April 6, 2016, the parties reached a confidential mediated settlement (Doc. 69). The Defendants have breached the confidential mediated settlement and Plaintiff is seeking to enforce the terms of the confidential mediated settlement.

## I. BACKGROUND AND PROCEDURAL HISTORY

DDR is the owner and landlord of rental property at Homestead Pavilion in Homestead, Florida. On or about December 1, 2011, DDR entered into a written commercial lease with Chalak-Miami 2, LLC d/b/a Genghis Grill for a portion of the Shopping Center known as unit B-2580 containing approximately 4,800 square for an initial term of ten (10) years.

The Rent Commencement Date was December 11, 2012. On or about February 24, 2014, and prior to the end of the Lease Term, Tenant abandoned the Premises and failed to pay rent.

Thereafter, on or about October 31, 2014, default notices citing delinquencies and notifying the recipients of the ten (10) day cure period prescribed by the Lease were sent to the Defendants. The default was not cured by the Defendants and this action was subsequently filed.

On April 6, 2016, the parties reached a mediated settlement agreement (Doc. 69). The terms of the settlement were memorialized on June 7, 2016, via a Confidential Settlement Agreement[1] ("Agreement"). Thereafter, the parties filed a Joint Stipulation of Dismissal with the Court (Doc. 71). Pursuant to Paragraphs 2 and 3 of the Joint Stipulation of Dismissal, the parties requested the Court retain jurisdiction to enforce the Agreement and agreed to allow the Plaintiff to be entitled to immediately reopen the pending action and request that the Court enforce the Agreement by "filing an Affidavit of Nonpayment with the Court if Defendants breach the Settlement Agreement."

Defendants breached the Agreement by failing to timely tender payments and, accordingly, Plaintiff is entitled to a final judgment following the breach.

**MEMORANDUM OF LAW**

In evaluating motions to seal, the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). In balancing the interests, courts consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

[1] A copy of the Agreement is attached to the Affidavit of Nonpayment.

*Romero*, 480 F.3d at 1246. In addition, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Plaintiff and Defendants reached a confidential mediated settlement. The public interest in viewing the confidential settlement agreement, which do not concern public officials or matters of public concern is negligible. By contrast the interests of the parties in protecting financially sensitive information concerning the settlement between Plaintiff and Defendants is well founded.

To enforce the terms of the settlement agreement, DDR is filing a Motion for Final Judgment Following Breach and attaching an Affidavit of Nonpayment which includes the Agreement as an exhibit. In an abundance of caution, DDR is seeking to seal the Affidavit of Nonpayment, which has been filed under the Notice of Affidavit of Nonpayment Under Seal. Plaintiff should be entitled to enforce the terms of the confidential settlement agreement without divulging the terms of the Agreement. In this matter there is no compelling reason to make the terms of the settlement known to the public, absent allowing the Court to enforce same.

DDR is requesting the Affidavit of Nonpayment remain sealed for five years and then, upon expiration of the sealing period, the Clerk may destroy the documents.

## CONCLUSION

Based on the foregoing, DDR respectfully requests that the Court grant its Motion to Seal Settlement Affidavit and keep the contents of the Agreement sealed. Alternatively should the Court determine the Affidavit of Nonpayment is not eligible to be sealed then DDR would request the opportunity to re-file the Affidavit of Nonpayment and Motion for Final Judgment Following Breach.

DATED this 6th day of February, 2017.

/s/ Manuel Farach
Manuel Farach, Esq.
Florida Bar No. 612138
Gavin W. MacMillan, Esq.
Florida Bar No. 0037641
**McGlinchey Stafford**
One East Broward Blvd, Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 356-2501/Fax: (954) 756-8064
mfarach@mcglinchey.com
gmacmillan@mcglinchey.com
nalicea@mcglinchey.com

*/s/ Richik Sarkar*
Richik Sarkar, Esq.
Ohio Bar No. 0069993
*Admitted Pro Hac Vice*
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Tele: (216) 378-9905/Fax: (216) 378-9910
rsarkar@mcglinchey.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Motion to Seal Settlement Affidavit* was filed this 6th day of February, 2017. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Jeffrey C. Roth jeff@rothandscholl.com
*Counsel for Defendants*

/s/ Manuel Farach, Esq.
Manuel Farach, Florida Bar No. 612138