**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| DDR Homestead LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CHALAK-MIAMI 2, LLC d/b/a GENGHIS GRILL, a Delaware limited liability company, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:15-CV-21739<br><br>JUDGE MARTINEZ/MCALILEY<br><br>**PLAINTIFF'S MOTION FOR FINAL JUDGMENT FOLLOWING BREACH** |

Plaintiff DDR Homestead LLC ("DDR") hereby moves for entry of Final Judgment Following Breach and states as follows:

## INTRODUCTION

This action arose from Defendants' breaches of a lease agreement and related personal guarantees in connection with their rental of commercial retail space owned by DDR in Homestead, Florida. On April 6, 2016, the parties reached a mediated settlement (Doc. 69). Defendants are in breach of the terms of the settlement and Plaintiff is entitled to entry of Final Judgment of $495,485.94 plus post judgment interest at the rate of 4.75%.

## I. BACKGROUND AND PROCEDURAL HISTORY

DDR is the owner and landlord of rental property at Homestead Pavilion in Homestead, Florida. On or about December 1, 2011, DDR entered into a written commercial lease with Chalak-Miami 2, LLC d/b/a Genghis Grill for a portion of the Shopping Center known as unit B-2580 containing approximately 4,800 square for an initial term of ten (10) years.

The Rent Commencement Date was December 11, 2012. On or about February 24, 2014, and prior to the end of the Lease Term, Tenant abandoned the Premises and failed to pay rent.

Thereafter, on or about October 31, 2014, default notices citing delinquencies and notifying the recipients of the ten (10) day cure period prescribed by the Lease were sent to the Defendants. The default was not cured by the Defendants and this action was subsequently filed.

On April 6, 2016, the parties reached a mediated settlement agreement (Doc. 69). The terms of the settlement were memorialized on June 7, 2016, via a Confidential Settlement Agreement[1] ("Agreement"). Thereafter, the parties filed a Joint Stipulation of Dismissal with the Court (Doc. 71). Pursuant to Paragraphs 2 and 3 of the Joint Stipulation of Dismissal, the parties requested the Court retain jurisdiction to enforce the Agreement and agreed to allow the Plaintiff to immediately reopen the pending action and request that the Court enforce the Agreement by "filing an Affidavit of Nonpayment with the Court if Defendants breach the Settlement Agreement."

Defendants breached the Agreement by failing to timely tender the February 1, 2017 payment and, accordingly, Plaintiff is entitled to a final judgment following breach. *See* Exhibit A, which references the Affidavit of Nonpayment simultaneously filed under a Motion to Seal. Plaintiff and Defendants executed a Stipulation for Entry of Judgment and Proposed Order in amount of $700,000 plus post judgment interest at the rate of 4.75%. A true and correct copy of the Stipulation for Entry of Judgment and Order on Stipulation for Entry of Judgment are attached hereto as Composite Exhibit B. Per the Agreement, the judgment of $700,000 must be reduced by payments made. Accordingly, by the terms of the Agreement, Plaintiff is entitled to Judgment of $495,485.94 plus post judgment interest at the rate of 4.75%. *See* Affidavit of Nonpayment filed under seal.

---

[1] A copy of the Agreement is attached as Exhibit 1 to the Affidavit of Nonpayment.

## II. DDR IS ENTITLED TO FINAL JUDGMENT AFTER BREACH

The parties specifically provided for the court to retain jurisdiction to enforce the terms of the settlement agreement in the Joint Stipulation of Dismissal. *Davidson v. Stringer*, 109 Fla. 238, 147 So. 228, 229 (1933) (a court loses jurisdiction over the subject-matter of the suit, other than to see that proper entry of judgment or decree is made and that the rights determined and fixed by it are properly enforced.").

There are no defenses to this motion as settlement agreements that require the payment of money by a due date are strictly construed and require perfect performance. *Treasure Coast, Inc. v. Ludlum Construction Co.*, 760 So. 2d 232 (Fla. 4th DCA 2000) (holding substantial performance does not apply between commercial parties and debtor must pay creditor on or before last day specified for payment). The breach of the terms of the Agreement cannot be cured by a partial or late payment.

As a material term of the Agreement, the parties executed a Stipulation for Entry of Judgment to be filed if the Defendants breached the Agreement and agreed to the form and content of an Order to be entered simultaneously with the Stipulation for Entry of Judgment. In addition, per the Agreement, Defendants expressly agreed in Paragraph 4 that "the only defense to the entry of Stipulation is payment having been made in accordance with Section 2 of this Agreement or a breach of this Agreement by DDR." As payment in accordance with Section 2 (which set the payment schedule) was not made and DDR has not breached this Agreement, Defendants have no defense. As such, Plaintiff is entitled to entry of judgment pursuant to the terms of the Agreement.

**CONCLUSION**

DDR is entitled to a final judgment following breach of the Agreement.

WHEREFORE, Plaintiff DDR Homestead LLC respectfully requests that this Court enter judgment against each of Defendants, jointly and severally, in the amount of $495,485.94 plus post judgment interest at the rate of 4.75% and any such further relief as this Court deems just and equitable.

DATED this 6th day of February, 2017.

/s/ Manuel Farach
Manuel Farach, Esq.
Florida Bar No. 612138
Gavin W. MacMillan, Esq.
Florida Bar No. 0037641
**McGlinchey Stafford**
One East Broward Blvd, Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 356-2501/Fax: (954) 756-8064
mfarach@mcglinchey.com
gmacmillan@mcglinchey.com
nalicea@mcglinchey.com

*/s/ Richik Sarkar*
Richik Sarkar, Esq.
Ohio Bar No. 0069993
*Admitted Pro Hac Vice*
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Tele: (216) 378-9905/Fax: (216) 378-9910
rsarkar@mcglinchey.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Motion for Final Judgment Following Breach* was filed this 6th day of February, 2017. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Jeffrey C. Roth jeff@rothandscholl.com

*Counsel for Defendants*

/s/ Manuel Farach, Esq.
Manuel Farach, Florida Bar No. 612138

1156578.1