UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DDR HOMESTEAD, LLC, CASE NO. 15-CV-21739-JEM

Plaintiff,

-vs-

CHALAK-MIAMI 2, LLC d/b/a GENGHIS GRILL, a Delaware limited liability comany; AKASH BHAKTA; CHETAN BHAKTA; RONAK PARIKH; NIKUNJ BHAKTA and RICARDO WARMAN,

Defendant.
_______________________________________/

**DEFENDANTS' RESPONSE & MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL JUDGMENT FOLLOWING BREACH**

Defendants, CHALAK-MIAMI2, LLC d/b/a GENGHIS GRILL ("Chalak"), AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMAN, by and through their undersigned counsel, pursuant to applicable Federal Rules of Civil Procedure and Local Rules of this Honorable Court, hereby file their Response & Memorandum of Law in Opposition to the Plaintiff's Motion for Final Judgment Following Breach [DE 76], as follows:

1. The Defendants admit that they did not timely make a payment due under the parties' settlement agreement. However, they affirmatively state, and the written communications between the parties confirm, that the default was resolved through a novation and a modified payment plan. It is in fact surprising to the Defendants that the Plaintiff has not yet agreed to a stipulation or an agreed order withdrawing their Motion, despite the Defendants' request to do so, in light of the agreed restructured payment plan. This is particularly troubling because the Defendants have already made the first payment under the restructured payment plan.

2. Attached hereto as Exhibit A is a thread of emails between the Plaintiff and the Defendants, confirming the restructuring of the payment plan under the settlement

agreement. If the Court reviews the email from the earliest one dated February 3, 2017 at 10:12 A.M. on page 8, through the most recent one dated February 21, 2017 at 7:17 A.M., it will be evident that the parties restructured their settlement agreement, and reached an agreement on a new payment plan.

3. It is clear that the original payment plan is no longer applicable and that the parties have reached a novation with respect to their agreement. A novation is the substitution of a new agreement between the same parties or the substitution of a new party on an existing agreement. *Miami Nat'l Bank v. Forecast Constr. Corp.,* 366 So.2d 1202, 1204 (Fla. 3d DCA 1979). A novation is a mutual agreement between the parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation. In a novation, only the new obligation may be enforced. *See Sink v. Abitibi–Price Sales Corp.,* 602 So.2d 1313, 1316 (Fla. 4th DCA 1992); *Honeycutt,* 992 S.W.2d at 576. A novation occurs when (1) there is a previously existing, valid contract and (2) the parties agree (3) to extinguish the obligations of the existing contract (4) through the creation of a valid new contract. *See Sink,* 602 So.2d at 1316 ("The four elements necessary to demonstrate a novation are: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligation; and (4) the validity of the new contract.; *Miami Nat'lBank,* 366 So.2d at 1204 Two of the essential elements which must be presented in order for a novation to exist are (1) an agreement by the parties to cancel and extinguish the first debt or obligation, and (2) agreement of the parties that the second contract or agreement takes the place of the first obligation."). W]here the terms of a written agreement are not in doubt, the question of whether it effects a novation is one of law for the court.

4. Where an agreement has been superseded by a later agreement, the first agreement is not enforceable, and the later agreement governs. It is abundantly clear that this is exactly what has happened here. Since the time that the Plaintiff has filed their Motion for a Final Judgment Following Breach under the original payment plan, the parties

have reached a new agreement, and have in fact consummated that agreement by the Defendants making the first payment of $60,000.

5. Consequently, there is no basis upon which to enter a judgment, as the payment plan and agreement pursuant to which the Plaintiff seeks a judgment has been replaced by a new payment plan, under which performance is already taking place.

6. As a result, the Plaintiff's Motion should be denied, because it is based on a superseded agreement.

WHEREFORE, Defendants CHALAK-MIAMI2, LLC d/b/a GENGHIS GRILL, AKASH BHAKTA, CHETAN BHAKTA, RONAK PARIKH, NIKUNJ BHAKTA and RICARDO WARMAN respectfully request that the Court deny Plaintiff's Motion for Final Judgment Following Breach, and grant the Defendants such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, to wit: MANUEL FARACH, ESQ./GAVIN W. MACMILLIAN, ESQ. UZ FENWICK, EQ., McGlinchey Stafford, One East Broward Boulevard, Suite 1400, Ft. Lauderdale, FL 33301 and RICHIK SARKAR, ESQ., McGlinchey Stafford, 25550 Chagrin Blvd., Suite 406, Cleveland, OH 44122, this 1st day of March, 2017.

**ROTH & SCHOLL**
**Attorneys for Defendants**
**866 South Dixie Highway**
**Coral Gables, Florida 33146**
**Tel: 305-662-4141**
**Fax: 305-662-3816**
**Primary Email: jeff@rothandscholl.com**
**Secondary Email: christine@rothandscholl.com**
**Secondary Email: gail@rothandscholl.com**

**BY:** /s/ Jeffrey C. Roth
**JEFFREY C. ROTH**
Fla. Bar No. 331562